UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-157-MOC

| | |
|---|---|
| CRAIG BALFOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID MILLER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 4].

I. BACKGROUND

The pro se Plaintiff filed this action while he was incarcerated at the Spartanburg County Detention Center in Spartanburg, South Carolina. [Doc. 1]. The Plaintiff is "claiming interest and ownership of property seized by the Dept. of Homeland Security in Cherokee, NC and being held by the US Customs and Border Patrol in Charleston, SC." [Id. at 1]. He contends that approximately $18,500 was seized by "David Miller/CO Homeland Security" during a traffic stop in Cherokee, NC, and that the money is now being held by "US Customs and Boarder Protection Charleston, SC." [Id.]. He seeks its return.

II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any

portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Complaint suffers from several serious deficiencies. The Plaintiff does identify the Defendant(s) whom he is attempting to sue in the case's caption. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). Nor does he identify any basis for the Court's jurisdiction or the legal theory under which he is attempting to proceed. See Fed. R. Civ. P. 8(a) ("A pleading … must contain … a short and plain statement of the grounds for the court's jurisdiction…."). The Complaint is so deficient that the Court is unable to determine, at this juncture, whether it has jurisdiction over this action. As such, the Complaint will be dismissed without prejudice.

2

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner complaint form (Pro Se 14) and a copy of this Order.

**IT IS SO ORDERED**.

Signed: August 7, 2024

Max O. Cogburn Jr
United States District Judge